UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD BRIAN LAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2157** |
| **WARDEN MARCUS MYERS** | **SECTION: "G"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition. Upon preliminary review and examination, it is plain from the petition and attached exhibits that the petitioner is not entitled to relief in the district court. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the State has not been ordered to provide a response. For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be summarily **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Richard Lay, is a convicted inmate currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He is serving time for a 2011 conviction of battery on a correctional officer (#11-CR5-112033) and an earlier 2007 conviction for attempted possession of cocaine (#383759-F). His earlier conviction resulted in a 20-year sentence, as a fourth-felony offender, without benefit of probation or suspension of sentence.[1] His more recent conviction resulted in a 22-year sentence, as a

---

[1] Lay unsuccessfully challenged the 2007 state court conviction and sentence for

fourth-felony offender, without benefit of probation, parole or suspension of sentence.[2]

On May 13, 2019, the state trial court granted Lay's motion to correct an illegal sentence in Case No. 11-CR5-112033, and the original multiple-offender sentence was vacated and set aside.   The trial court agreed he should be eligible for parole consideration and resentenced Lay to 22 years' imprisonment without benefit of probation or suspension of sentence, to run concurrently with any other sentence, including Case No. 383759-F.[3]

Lay was subsequently granted a parole hearing, but on November 5, 2020, the parole board denied his request for release on parole.   He applied for a rehearing and was informed that his application was scheduled for review by the parole board as an administrative hearing, for which he would not appear, on June 7, 2022.   However, by letter from the parole committee dated June 1, 2022, he was informed that he was removed from the docket due to the disciplinary action he received on May 15, 2022, for which he was found guilty on May 17, 2022.[4]   Lay asked the board to reconsider that decision.   By letter dated

---

attempted possession of cocaine in a federal habeas corpus proceeding, Civil Action No. 10-4162 "A"(4). See Rec. Doc. 65 (Report and Recommendation); Rec. Docs. 93-94 (Order and Judgment dismissing petition with prejudice).

[2] Lay has also challenged the state-court conviction and sentence for battery of a correctional officer in a petition for federal habeas corpus relief, Civil Action No. 19-9803 "R"(2).   See Rec. Doc. 33 (Report and Recommendation; Rec. Doc. 50 (Supplemental Report and Recommendation re: *Ramos* claims).

[3] Rec. Doc. 4-1 (Exhibits), Transcript of Hearing on Motion to Correct Illegal Sentence, pp. 42-45.

[4] The letter cited LAC Title 22, Part XI; La. R.S. 15:574.2 and quoted the language concerning the requirements for reconsideration and rehearing.   Rec. Doc. 4-4, p. 6.   Lay

June 24, 2022, he was informed that reconsiderations are not for administrative hearings and that he should resubmit his request one year from the last disciplinary write-up.[5]

In July 2022, Lay filed the instant 28 U.S.C. § 2254 habeas petition for relief. Although he lists the two criminal convictions (#383759-F and #11-CR5-112033) on the form petition, Lay is challenging the constitutionality of the state parole procedures. Broadly construing his petition, Lay challenges the constitutionality of the state parole proceedings because his recent disciplinary conviction (which Lay has not challenged as invalid in the state courts), delayed his ability to obtain a parole rehearing.[6] In his petition, he requests the following declaratory and injunctive relief for violation of his constitutional rights in connection with the parole proceedings:

1. Declare the State of Louisiana use of Disciplinary Reports to

---

attaches a copy of Part XI, Section 705 from the Louisiana Administrative Code. Rec. Doc. 4-4, p. 7.

[5] Rec. Doc. 4-4, p. 10.

[6] Lay alleges he has no access to the state courts to challenge "the parole board's arbitrary decision." Rec. Doc. 4-3, p. 6. While this may be true pursuant to La. Stat. Ann. § 15:574.11, insofar as appeals from parole board rulings denying parole, it does not govern disciplinary convictions. *See Mack v. Goodwin*, Civ. Action No. 13-320, 2014 WL 1689307, at *1 n. 3 (M.D. La. Apr. 29, 2014) (district court dismissed for failure to exhaust state court remedies, petitioner's habeas corpus proceeding pursuant to 28 U.S.C. § 2254, complaining that his constitutional right to due process has been violated in connection with prison disciplinary charges levied against him). Lay filed only an administrative appeal from the disciplinary action in which he was found guilty of a Rule #5 Aggravated Disobedience. The administrative appeal was denied on May 24, 2022. *See* Rec. Doc. 4-4, p. 17, Appeal Decision RLCC-2022-153.

delay a prisoner's parole hearings under the State law that clearly violates a prisoner's substantive and procedural due process rights under Wolff, 471 U.S. 491 [1985]; And LAC 22:I 349 A(1), and B unconstitutional under both the United States and the State of Louisiana Constitutions and laws and enjoin the same.[7]

2.  Declare the State of Louisiana's use of "Disciplinary Reports" to delay a prisoner's parole in which he has been constitutional denied access to the State and Federal Courts to challenge the conviction based simply upon the sentence imposed by the Board(s) violates a prisoner's 1st and 8th Amendment right under the U.S. Constitution and Article 1, Section 1, 2, 3, 9, 12 and 20 of the Louisiana Constitution 1974.

3.  Extend the protection of Wolff v. McDonnell, supra to "Disciplinary Reports" used solely by the Louisiana Parole Board to delay a prisoners right to a hearing after service of 25% of their sentence and a "Rehearing/Reconsideration of Parole" left open in Sandin v. Conners, 115 S.Ct. 2293[8] in light of the fact the prisoner

---

[7] *See Hewitt v. Helms*, 459 U.S. 460, 471-472, 103 S.Ct. 864, 872-872 [1983]; In re Adoption of B.G.S., 556 So.2d 545, 549 [La. 1990].

[8] See LA R.S. 15:574.4 A (1)(a).

has been denied his constitutional right to Judicial review under the USCA Amend 1, 8, 14.

4.     Any and all other relief I'm entitled to but not specifically prayed for.[9]

Lay subsequently submitted an Amended Petition adding two paragraphs, numbered 8 and 9.[10] He essentially disputes the Board's purported authority in declining to reconsider its decision to remove him from the June 2022 parole rehearing docket. He points to additional documentation he has received showing that he was eligible for parole and should have been granted a rehearing. Finally, he reiterates that he wants to go home, citing his need for medical treatment and inability to obtain medical care in prison.[11]

## Law and Analysis

After receipt of a habeas petition, a district court may conduct an initial review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Lay used a form petition for habeas corpus relief, his stated claims for relief do not collaterally challenge a state conviction or sentence or the duration of his confinement. Thus, his claims are not

---

[9] Rec. Doc. 4-3, p. 10 (footnotes in original).

[10] Rec. Doc. 7.

[11] Rec. Doc. 7, p. 6 and Exhibit 7-1, pp. 3-5.

cognizable in a federal habeas corpus proceeding.

Title 28 U.S.C. § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). Section 2254 is an appropriate remedy for a prisoner challenging the legality of his state conviction or the sentence imposed by the state trial court. Under 28 U.S.C. § 2241, the federal courts have general jurisdictional to consider habeas corpus challenges to state and federal detention that do not directly implicate the underlying conviction and sentence. *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). Thus, a petition for writ of habeas corpus that "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," including parole issues, is properly considered under the general habeas authority of § 2241. *Richie v. Scott*, 70 F.3d 1269, 1995 WL 696854 (5th Cir. 1995) ("Habeas petitions challenging the revocation of the petitioner's parole sound under § 2241.").

Here, Lay contests the constitutionality of the state's parole procedures by which a parole board may consider a prisoner's recent disciplinary misconduct reports upon a prisoner's application for parole consideration and rehearing. As the United States Supreme Court has held, claims such as Lay's, where success would mean, at most, more prompt reconsideration for parole eligibility, do not fall within the implicit habeas exception. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also Hunter v. Owens*, 375 F. App'x 427, 429 (5th Cir. 2010). In *Dotson*, the Supreme Court held that state prisoners, Dotson and

Johnson, could challenge the constitutionality of state parole procedures in a Section 1983 action because success on the claims would not result in the respondents' immediate or speedier release and, thus, the action did not "lie[ ] at the core of habeas corpus." *Dotson*, 544 U.S. at 82 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Dotson recognized that the remedy of habeas corpus is available to prisoners "when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id*. at 81. Lay's claims fall outside the "core" of habeas corpus. *See, e.g.*, *Billiot v. Roche*, Civ. Action No. 20-61, 2021 WL 7906831 (M.D. La. Dec. 29, 2021), *recommendation adopted*, 2022 WL 988368 (M.D. La. Mar. 31, 2022).

Indeed, it appears that Lay understands the distinction and is attempting to avoid the payment of costs associated with bringing a Section 1983 lawsuit. Richard Lay has a lengthy history of filing frivolous federal civil suits throughout the State of Louisiana. This Court's research shows that Lay has filed other Section 1983 actions challenging the constitutionality of these same parole proceedings in the United States District Courts for the Middle and Western Districts of Louisiana.[12] In those proceedings, he was denied *in forma pauperis* status under 28 U.S.C. § 1915(g), because he has accumulated three strikes under the Prison Litigation Reform Act. He tried unsuccessfully to reclassify each of the lawsuits

---

[12] *Lay v. Members Louisiana Parole Board, et al.*, Civ. Action No. 21-CV-00814, 2021 WL 2154020 (W.D. La. Apr. 28, 2021) (citing *Lay v. Louisiana Parole Board*, Civ. Action No. 20-CV-00094 (M.D. La. 2020).

by claiming he was bringing a habeas petition under 28 U.S.C. § 2254. The federal district courts denied his attempts because he clearly intended to bring a Section 1983 action as indicated by his claims. Apparently faced with this roadblock twice in the other Louisiana federal districts, Lay now attempts to cast the same claims for relief as habeas in nature. The Court will not condone blatant forum shopping in the federal districts of Louisiana for a more advantageous outcome.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Lay's application for federal habeas corpus relief be summarily **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

---

[13] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __29th__ day of _____September_____, 2022.

                                                **MICHAEL B. NORTH**
                                    **UNITED STATES MAGISTRATE JUDGE**