**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICHARD BRIAN LAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2157** |
| **WARDEN MARCUS MYERS** | **SECTION: "G"** |

## ORDER AND REASONS

Pending before the Court are Petitioner Richard Brian Lay's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a convicted inmate currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of Louisiana's parole procedures.[2] The Magistrate Judge recommended that the petition be dismissed because Petitioner's claims are not cognizable in a federal habeas corpus proceeding.[3] Petitioner objects to the Magistrate Judge's Report and Recommendation.[4] After reviewing the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses Petitioner's habeas corpus claims.

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 4.

[3] Rec. Doc. 8.

[4] Rec. Doc. 10.

# I. Background

Petitioner is currently incarcerated at the Raymond Laborde Correctional Center serving terms of imprisonment for a 2011 conviction of battery on a correctional officer (#11-CR5-112033) and an earlier 2007 conviction for attempted possession of cocaine (#383759-F). On the attempted possession of cocaine conviction, Petitioner was sentenced to a term of 20 years imprisonment, without benefit of probation or suspension of sentence.[5] On the battery on a correctional officer conviction, Petitioner was sentenced to a term of 22 years imprisonment, without benefit of probation, parole, or suspension of sentence.[6] On May 13, 2019, a judge in the Twenty-Second Judicial District Court for the Parish of Washington granted Petitioner's motion to correct an illegal sentence in Case No. 11-CR5-112033.[7] The state trial court found that Petitioner should be eligible for parole consideration and resentenced Petitioner to a term of 22 years imprisonment without benefit of probation or suspension of sentence, to run concurrently with any other sentence, including Case No. 383759-F.[8]

Petitioner was subsequently granted a parole hearing,[9] but on November 5, 2020, the parole board denied his request for release on parole.[10] Petitioner applied for a rehearing and was informed that his application was scheduled for an administrative hearing on June 7, 2022.[11] However, by letter from the parole board dated June 1, 2022, Petitioner was informed that he was

---

[5] *See* Case No. 10-4162 (habeas proceeding challenging the attempted possession of cocaine conviction).

[6] *See* Case No. 19-9803 (habeas proceeding challenging the battery on a correctional officer conviction).

[7] *See* Rec. Doc. 4-1 at 42–45.

[8] *Id.*

[9] Rec. Doc. 4-4 at 2.

[10] *Id.* at 15.

[11] *Id.* at 6.

removed from the docket due to the disciplinary action he received on May 15, 2022, for which he was found guilty on May 17, 2022.[12] Petitioner requested reconsideration of that decision.[13] By letter dated June 24, 2022, Petitioner was informed that administrative hearings are not subject to reconsideration and that he should resubmit his request one year after his last disciplinary write-up.[14]

On July 11 2022, Petitioner filed the instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254.[15] Petitioner challenges the constitutionality of the state parole procedures because his recent disciplinary conviction delayed his ability to obtain a parole rehearing.[16] Petitioner requests declaratory and injunctive relief.[17] On August 15, 2022, Petitioner filed an amended petition, which adds two paragraphs to the original petition attempting to dispute the parole board's authority for declining to reconsider its decision to remove Petitioner from the parole rehearing docket.[18]

Pursuant to Rule 4 of the Rules Governing Section 2254 cases, the Magistrate Judge conducted an initial review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in district court."[19] After performing this initial review, the Magistrate Judge issued a Report and Recommendation

---

[12] *Id.*

[13] *Id.* at 10.

[14] *Id.*

[15] *See* Rec. Doc. 1 (marked deficient); Rec. Doc. 4 (deficiency corrected on July 21, 2022).

[16] Rec. Doc. 4.

[17] *Id.*

[18] Rec. Doc. 7. On November 28, 2022, Petitioner, with leave of Court, filed additional exhibits in support of the petition. *See* Rec. Docs. 11, 12.

[19] Rec. Doc. 8.

on September 29, 2022, recommending that the petition be dismissed.[20] Although Petitioner used a form petition for habeas corpus relief, the Magistrate Judge pointed out that the claims do not collaterally challenge a state conviction or sentence or the duration of Petitioner's confinement.[21] Therefore, the Magistrate Judge found that Petitioner's claims were not cognizable in a federal habeas corpus proceeding but instead fall under the gambit of 42 U.S.C. § 1983.[22] The Magistrate Judge pointed out that Petitioner previously attempted to bring Section 1983 claims challenging the parole proceedings in both the Middle and Western Districts of Louisiana.[23] In those proceedings, Petitioner was denied in forma pauperis status under 28 U.S.C. § 1915(g) because he had previously accumulated three strikes under the Prison Litigation Reform Act.[24] Petitioner then unsuccessfully attempted to reclassify each of the prior lawsuits as a habeas corpus proceeding.[25] The Magistrate Judge stated that the Court could not condone such blatant forum shopping.[26] Therefore, the Magistrate Judge recommended that the petition be dismissed.[27]

## II. Objections to Report and Recommendation

Petitioner objects to the Report and Recommendation.[28] Petitioner contends that he was unable to appeal the disciplinary action, and he has exhausted his state court remedies with respect

---

[20] *Id.*

[21] *Id.* at 5.

[22] *Id.* at 5–7 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

[23] *Id.* at 7.

[24] *Id.*

[25] *Id.* at 7–8.

[26] *Id.* at 8.

[27] *Id.*

[28] Rec. Doc. 10.

to that action.[29] Petitioner reiterates his prior arguments that he should have been eligible for a rehearing by the parole board.[30] Petitioner asserts that he is seeking an injunction ordering his immediate release because he is being held wrongfully and without due process because of an unconstitutionally obtained disciplinary action.[31] Petitioner contends that this Court has jurisdiction to hear his claims under 28 U.S.C. § 2241.[32]

### III.  Standard of Review

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend a disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[33] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[34] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[35] However, a district court's review is limited to plain error of parts of the report not properly objected to.[36]

### IV. Law and Analysis

Petitioner objects to the Magistrate Judge recommendation that the petition be dismissed because Petitioner's claims are not cognizable in a federal habeas corpus proceeding. Petitioner

---

[29] *Id.* at 1.

[30] *Id.* at 1–2.

[31] *Id.* at 3.

[32] *Id.*

[33] 28 U.S.C. § 636(b)(1)(B).

[34] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §636(b)(1).

[35] Fed. R. Civ. P. 72(b)(3).

[36] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

originally filed his claims under 28 U.S.C. § 2254, but he now argues that his claims should be considered under 28 U.S.C. § 2241.

The writ of habeas corpus protects "individuals against erosion of their right to be free from wrongful restraints upon their liberty."[37] Sections 2254 and 2241 both allow a petitioner to seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States."[38] Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments."[39] Therefore, Section 2254 applies where the petitioner is contesting "the legality of his conviction or the validity of his initial sentence."[40]

Under Section 2241, the federal courts have general jurisdictional to consider habeas corpus challenges to state and federal detention that do not directly implicate the underlying conviction and sentence.[41] Therefore, a petition for writ of habeas corpus that "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," is properly considered under the general habeas authority of Section 2241.[42]

In the objections to the Report and Recommendation, Petitioner concedes that his claims do not fall under Section 2254, but he argues that his claims are properly considered under Section 2241. This argument is unavailing under Supreme Court precedent. In *Wilkinson v. Dotson*, the Supreme Court held that claims regarding the constitutionality of state parole procedures fall under

---

[37] *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

[38] 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).

[39] *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)).

[40] *Richie v. Scott*, 70 F.3d 1269, 1995 WL 696845 (5th Cir. 1995).

[41] *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).

[42] *Richie*, 70 F.3d at 1269 ("Habeas petitions challenging the revocation of the petitioner's parole sound under § 2241.").

Section 1983 because success on such claims would not result in immediate release from prison.[43] The Supreme Court reasoned that such claims do not "lie[ ] at the core of habeas corpus,"[44] which is available when prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."[45] Instead, the Supreme Court held that Section 1983 relief "remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner."[46] Like in *Dodson*, Petitioner's claims fall outside the "core of habeas corpus" because if relief were granted Petitioner would only be entitled to a speedier parole rehearing, rather than immediate release from prison.[47]

Additionally, the Fifth Circuit has recognized that prisoners do not have a liberty interest in the granting of parole.[48] "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement."[49] Petitioner contests the constitutionality of the state's parole procedure, which allows a parole board to consider a prisoner's recent disciplinary

---

[43] 554 U.S. 74, 82 (2005).

[44] *Id.*

[45] *Id.* at 81.

[46] *Id.*

[47] *Id.* at 82. In the objections to the Report and Recommendation, Petitioner states that he "seeks an injunction ordering his immediate and or speedy release from custody." Rec. Doc. 10 at 3. However, this is a conclusory allegation without any factual support. If the Court were to grant the relief Petitioner requests, he would only be entitled to another parole hearing. He would not be entitled to immediate release.

[48] *Jennings v. Owens*, 602 F.3d 652, 657 (5th Cir. 2010) (citing *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

[49] *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal citation omitted) ("If, however, a prisoner is challenging the result of a specific defective parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus."). Here, Petitioner is challenging the constitutionality of parole procedures. He is not bringing any claims that would automatically entitle him to accelerated release.

misconduct reports upon a prisoner's application for parole consideration and rehearing. Success on these claims would mean "at most a new parole hearing at which [Louisiana] parole authorities may, in their discretion, decline to shorten his prison term."[50] Therefore, the claims "do not fall within the implicit habeas exception."[51]

In this litigation, Petitioner does not bring any claims under Section 1983. In fact, Petitioner previously attempted to file other Section 1983 actions challenging the constitutionality of these same parole proceedings in the United States District Courts for the Middle and Western Districts of Louisiana.[52] In both of those proceedings, Petitioner was denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), because he has accumulated three strikes under the Prison Litigation Reform Act. Petitioner then tried unsuccessfully to reclassify both prior lawsuits as habeas petitions. Considering that Petitioner only attempts to bring habeas claims under either Section 2254 or Section 2241, the Court dismisses the claims.

## V. Conclusion

For the reasons stated above, Petitioner's claims are not cognizable in a federal habeas corpus proceeding. Moreover, he does not bring any claims under 42 U.S.C. § 1983. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

---

[50] *Dotson*, 544 U.S. at 82.

[51] *Id.*

[52] *Lay v. Members Louisiana Parole Board, et al.*, No. 21- 814, 2021 WL 2154020 (W.D. La. Apr. 28, 2021) (citing *Lay v. Louisiana Parole Board*, No. 20-94 (M.D. La. 2020)).

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is

**DISMISSED**.[53]

**NEW ORLEANS, LOUISIANA**, this __5th__ day of December, 2022.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[53] The Magistrate Judge recommended that the claims be dismissed with prejudice. However, this dismissal would be without prejudice with respect to any claim under 42 U.S.C. § 1983. The Section 1983 claims were not adjudicated in the Middle District of Louisiana or the Western District of Louisiana. Instead, the prior lawsuits were dismissed without prejudice because Petitioner did not pay the required filing fee and he was denied leave to proceed *in forma pauperis*. To bring a claim under Section 1983, Petitioner must either pay the required filing fee or be granted leave to proceed *in forma pauperis*.