**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICHARD BRIAN LAY**                               **CIVIL ACTION**

**VERSUS**                                                    **NO. 22-2157**

**WARDEN MARCUS MYERS**                    **SECTION: "G"**

## ORDER AND REASONS

Before the Court is Petitioner Richard Brian Lay's ("Petitioner") "Motion to Vacate and Set Aside Judgment,"[1] wherein he requests relief from the Court's December 5, 2022 Order and Judgment dismissing his petition for federal habeas corpus relief.[2] For the reasons discussed in more detail below, Petitioner raises a new substantive claim that this Court does not have jurisdiction to consider. Having considered the motion, the record, and the applicable law, for the reasons that follow, the Court dismisses the motion for lack of jurisdiction.

## I. Background

Petitioner is currently incarcerated at the Raymond Laborde Correctional Center serving terms of imprisonment for a 2011 conviction of battery on a correctional officer (#11-CR5-112033) and an earlier 2007 conviction for attempted possession of cocaine (#383759-F). On May 13, 2019, a judge in the Twenty-Second Judicial District Court for the Parish of Washington granted Petitioner's motion to correct an illegal sentence in Case No. 11-CR5-112033.[3] The state

---

[1] Rec. Doc. 17.

[2] Rec. Docs. 12, 13.

[3] *See* Rec. Doc. 4-1 at 42–45.

1

trial court found that Petitioner should be eligible for parole consideration and resentenced Petitioner to a term of 22 years imprisonment with benefit of probation or suspension of sentence, to run concurrently with any other sentence, including Case No. 383759-F.[4]

Petitioner was subsequently granted a parole hearing,[5] but on November 5, 2020, the parole board denied his request for release on parole.[6] Petitioner applied for a rehearing and was informed that his application was scheduled for an administrative hearing on June 7, 2022.[7] However, by letter from the parole board dated June 1, 2022, Petitioner was informed that he was removed from the docket due to the disciplinary action he received on May 15, 2022, for which he was found guilty on May 17, 2022.[8] Petitioner requested reconsideration of that decision.[9] By letter dated June 24, 2022, Petitioner was informed that administrative hearings are not subject to reconsideration and that he should resubmit his request one year after his last disciplinary write-up.[10]

On July 11 2022, Petitioner filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court.[11] Petitioner challenged the constitutionality of the state parole

---

[4] *Id.*

[5] Rec. Doc. 4-4 at 2.

[6] *Id.* at 15.

[7] *Id.* at 6.

[8] *Id.*

[9] *Id.* at 10.

[10] *Id.*

[11] *See* Rec. Doc. 1 (marked deficient); Rec. Doc. 4 (deficiency corrected on July 21, 2022).

procedures because his recent disciplinary conviction delayed his ability to obtain a parole rehearing.[12]

On September 29, 2022, the Magistrate Judge recommended that the petition be dismissed.[13] Although Petitioner used a form petition for habeas corpus relief, the Magistrate Judge pointed out that the claims do not collaterally challenge a state conviction, his sentence or the duration of Petitioner's confinement.[14] Therefore, the Magistrate Judge found that Petitioner's claims were not cognizable in a federal habeas corpus proceeding but instead fall under the gambit of 42 U.S.C. § 1983.[15] The Magistrate Judge pointed out that Petitioner previously attempted to bring Section 1983 claims challenging the parole proceedings in both the Middle and Western Districts of Louisiana.[16] In those proceedings, Petitioner was denied in forma pauperis status under 28 U.S.C. § 1915(g) because he had previously accumulated three strikes under the Prison Litigation Reform Act.[17] Therefore, the Magistrate Judge recommended that the petition be dismissed.[18]

---

[12] Rec. Doc. 4.

[13] Rec. Doc. 8,

[14] *Id.* at 5.

[15] *Id.* at 5–7 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

[16] *Id.* at 7.

[17] *Id.*

[18] *Id.*

On October 13, 2022, Petitioner filed an objection to the Report and Recommendation.[19] On December 5, 2023, this Court overruled the objection, adopted the Report and Recommendation,[20] and dismissed the petition.[21]

On February 10, 2023, Petitioner filed the instant motion for reconsideration.[22] Petitioner moves the Court for relief from its December 5, 2022 Order and Judgment dismissing his federal habeas petition.[23] Petitioner asserts that he was convicted by a non-unanimous jury, and the conviction violates the Equal Protection Clause.[24] Therefore, Petitioner contends that the Court erred in dismissing this claim.[25]

## II. Law and Analysis

The Fifth Circuit has noted that while the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the time of the filing.[26] If such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[27] Here,

---

[19] Rec. Doc. 10.

[20] Rec. Doc. 12.

[21] Rec. Doc. 13.

[22] Rec. Doc. 17.

[23] *Id.* at 1.

[24] *Id.*

[25] *Id.* at 2.

[26] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

[27] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). *See also* Fed. R. Civ. P.

Petitioner's motion was brought more than 28 days after entry of the December 6, 2022 Judgment.[28] Accordingly, the Court considers the motion under Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.[29]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[30]

Rule 60(b) has been used to reopen a judgment in a habeas corpus proceeding. However, in the habeas context a court must evaluate the motion carefully to determine whether it actually is a successive habeas corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than a Rule 60(b) motion. As explained by the Supreme Court in *Gonzalez v. Crosby*, the

---

59(e).

[28] *See* Rec. Docs. 13, 17.

[29] Fed. R. Civ. P. 60(b).

[30] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

difference lies in the relief the petitioner is seeking.[31] Relief from the federal habeas judgment should be based on arguments relating to the conduct of the federal action and may be appropriate under one of the grounds enumerated in Rule 60(b), whereas relief premised on arguments relating to flaws in the underlying state-law conviction falls under 28 U.S.C. § 2244.[32]

In *Gonzalez v. Crosby*, the Supreme Court ruled that a Rule 60(b) motion for relief from judgment challenging the district court's dismissal of a habeas petition as time-barred under § 2244(d) was not a successive petition.[33] As such, the petition was governed by Rule 60(b), not 28 U.S.C. § 2244, and could proceed.[34] The Supreme Court held that a Rule 60(b) motion, unlike a successive habeas petition, attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[35]

"If an application is a 'second or successive petition' the district court cannot consider it without authorization from [the Court of Appeals] under 28 U.S.C. § 2244(b)(2)."[36] A Rule 60(b) motion is considered "successive" if it "raises a new claim or attacks the merits of the district court's disposition of the case."[37] A Rule 60(b) motion directed to a procedural ruling that barred

---

[31] 545 U.S. 524, 532 (2005).

[32] *Id*.

[33] *Id*.

[34] *Id*.

[35] *Id*.

[36] *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (citing 28 U.S.C. § 2244(b)(3)).

[37] *Id.* (citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012)).

consideration of the merits is not considered a "successive" petition and is properly brought as a Rule 60(b) motion.[38]

In the original habeas petition, Petitioner challenged the constitutionality of the state parole procedures because his recent disciplinary conviction delayed his ability to obtain a parole rehearing.[39] The Court conducted a merits review, found that the claim was not cognizable, and denied relief. In the instant motion, Petitioner raises an entirely new constitutional claim. Specifically, Petitioner asserts that he was convicted by a non-unanimous jury, and the conviction violates the Equal Protection Clause.[40] As such, Petitioner presents a "successive habeas petition" which this Court lacks jurisdiction to hear.  Accordingly, Petitioner's motion cannot be considered a Rule 60(b) motion under the Supreme Court's holding in *Gonzalez v. Crosby* because it raises substantive, rather than procedural, issues.

Pursuant to 28 U.S.C. § 2244(b)(2), if a claim presented in a successive habeas corpus application was not presented in a prior application, the claim shall be dismissed unless:

(A)   the applicant shows that the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

(B)
   (i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and

   (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

---

[38] *Id*. (citing *Adams*, 679 F.3d at 319; *Gonzalez*, 545 U.S. at 524).

[39] Rec. Doc. 4.

[40] Rec. Doc. 17.

Before a successive petition can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court that one of the exceptions applies.[41]

A search of the docket records of the United States Fifth Circuit Court of Appeals indicates that Petitioner has previously sought authorization to bring the non-unanimous jury claim raised in his Rule 60(b) motion.[42]  The Fifth Circuit denied authorization because the jury-unanimity rule does not apply retroactively to cases on collateral review.[43] Therefore, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DISMISSED** for lack of jurisdiction.

NEW ORLEANS, LOUISIANA, this  17th  day of April, 2023.

                **NANNETTE JOLIVETTE BROWN**
                **CHIEF JUDGE**
                **UNITED STATES DISTRICT COURT**

---

[41] 28 U.S.C. § 2244(b)(3)(A).

[42] *In re Richard B. Lay*, 21-90035 (5th Cir. Aug. 26, 2021).

[43] *Id.*