UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD BRIAN LAY**                                             **CIVIL ACTION**

**VERSUS**                                                        **NO. 22-2157**

**WARDEN MARCUS MYERS**                                           **SECTION: "G"**

## ORDER

Before the Court is Petitioner Richard Brian Lay's ("Petitioner") Motion for a New Trial.[1] In the motion, Petitioner asserts that the Court has violated his rights by failing to allow him to raise a claim that he was convicted by a non-unanimous jury.[2]

Petitioner originally filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court on July 11, 2022.[3] Petitioner challenged the constitutionality of the state parole procedures because a recent disciplinary conviction delayed his ability to obtain a parole rehearing.[4] On December 5, 2023, this Court dismissed the original petition, finding that Petitioner's claims were not cognizable in a federal habeas corpus proceeding.[5] Additionally, the Court noted that Petitioner had previously attempted to bring the parole claim under 42 U.S.C. § 1983 in the United States District Courts for the Middle and Western Districts of Louisiana.[6] In

---

[1] Rec. Doc. 21.

[2] *Id.*

[3] *See* Rec. Doc. 1 (marked deficient); Rec. Doc. 4 (deficiency corrected on July 21, 2022).

[4] Rec. Doc. 4.

[5] Rec. Docs. 12, 13.

[6] Rec. Doc. 12 at 8.

1

both prior cases Petitioner was denied leave to proceed in forma pauperis because he has accumulated three strikes under the Prison Litigation Reform Act.[7]

On February 10, 2023, Petitioner filed a motion for reconsideration.[8] Petitioner moved the Court for relief from its December 5, 2022 Order and Judgment dismissing his federal habeas petition.[9] Petitioner asserted that he was convicted by a non-unanimous jury, and the conviction violates the Equal Protection Clause.[10] On April 18, 2023, the Court denied the motion for reconsideration.[11] As the Court explained in that Order, the non-unanimous jury claim was not raised in the original petition and this Court lacks jurisdiction to hear the successive claim.[12] Before a successive habeas claim can be addressed by this Court, Petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court that one of the exceptions set forth in 28 U.S.C. § 2244(b)(2) applies.[13]

Petitioner has not followed this procedure. In fact, a search of the docket records of the United States Fifth Circuit Court of Appeals indicates that Petitioner has previously sought authorization to bring the non-unanimous jury claim raised in the instant motion.[14]  The Fifth

---

[7] *Id.*

[8] Rec. Doc. 17.

[9] *Id.* at 1.

[10] *Id.*

[11] Rec. Doc. 18.

[12] *Id.*

[13] 28 U.S.C. § 2244(b)(3)(A).

[14] *In re Richard B. Lay*, 21-90035 (5th Cir. Aug. 26, 2021).

Circuit denied authorization because the jury-unanimity rule does not apply retroactively to cases on collateral review.[15] Therefore, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that the Motion for New Trial[16] is **DISMISSED**.

**NEW ORLEANS, LOUISIANA**, this  17th  day of July, 2023.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[15] *Id.*

[16] Rec. Doc. 21.